IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

B. KIM THOMAS,

     Plaintiff,                        No. CIV S-11-1556 MCE DAD PS

     v.

THE HILTON CORPORATION        <u>ORDER</u>
and EMBASSY SUITES,

     Defendants.
_____/

        Plaintiff, B. Kim Thomas, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This matter was referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. Under 28 U.S.C. § 1915(e)(2), the court must dismiss the complaint at any time if the court determines that the pleading is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A complaint is legally frivolous when it lacks an arguable basis in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's filing is deficient in several respects.  First, a civil action is commenced by filing a complaint with the court.  Fed. R. Civ. P. 3.  Plaintiff has not filed a complaint, but instead has submitted to the court only a copy of an email from plaintiff to the Hilton Corporation.  Nonetheless, the Clerk of the Court has construed plaintiff's filing as complaint and, out of an abundance of caution, the court will do so as well.

Second, plaintiff's complaint does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends.  Federal courts are courts of limited

jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1]  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).  Because of the presumptive lack of jurisdiction, a plaintiff's complaint is required to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a).  Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); see also Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

Finally, plaintiff's filing is nearly incomprehensible.  To the extent the court can decipher plaintiff's submission, it appears that he wishes to complain about being asked to leave a Hilton Hotel after parking his Mercedes Benz in front of the hotel.  However, plaintiff has

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

1  failed to allege any facts or any claims for relief.[2]  Although the Federal Rules adopt a flexible
2  pleading policy, a complaint must give fair notice to the defendants and allege facts that state the
3  elements of the claims both plainly and succinctly.  See Jones v. Community Redev. Agency, 733
4  F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least some degree of particularity
5  specific acts which each defendant engaged in that support the plaintiff's claims.  See id.

6       Accordingly, for all the reasons cited above, plaintiff's complaint will be
7  dismissed for failure to state a claim upon which relief can be granted.

8       The undersigned has carefully considered whether plaintiff may amend his
9  complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to
10  amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.
11  Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake
12  Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that
13  while leave to amend shall be freely given, the court does not have to allow futile amendments).
14  However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be
15  dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in
16  support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221,
17  1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v.
18  Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to
19  amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be
20  cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.
21  1988)).

22       Here, because of the vague and conclusory nature of the allegations in plaintiff's
23  complaint the court cannot say that it appears beyond doubt that leave to amend would be futile.
24  Plaintiff's original complaint will therefore be dismissed, and he will be granted leave to file an

---

[2] In this regard, plaintiff has written at the bottom of the document, "[t]his complaint is going to be amended!" (Compl. (Doc. No. 1) at 1.)

amended complaint.  Plaintiff is cautioned however that, if he elects to file an amended complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009).  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 1950.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 1951 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also instructed that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The amended complaint will supersede the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Finally, plaintiff's amended complaint must include concise but complete factual allegations describing the conduct and events which underlie his claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 9, 2011 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. The complaint filed June 9, 2011 (Doc. No. 1) is dismissed with leave to amend.

3. Within twenty-eight (28) days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint".

          4. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: November 10, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\thomas1556.ifp.lta.ord